IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00161-BNB

ANTHONY BUSSIE,

    Plaintiff,

v.

JOHN BOEHNER, House Speaker, and
ROBERT ANDREWS, Congressman,

    Defendants.

---

ORDER OF DISMISSAL

---

    Plaintiff, Anthony Bussie, is detained at the Federal Detention Center in Philadelphia, Pennsylvania. He initiated this action by filing *pro se* a Prisoner Complaint on January 21, 2014. The Complaint is largely unintelligible. However, Plaintiff appears to allege that the Defendants, two United States Congressmen, who do not reside in Colorado, have violated his statutory and/or constitutional rights. He seeks injunctive relief and $1.2 trillion dollars in damages.

    On January 23, 2014, the Court entered an order directing Mr. Bussie to show cause within thirty (30) days of the order why this action should not be dismissed for improper venue. (ECF No. 4). Plaintiff failed to respond by the Court-ordered deadline.

    The Court must construe the Complaint liberally because Mr. Bussie is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so

despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.*

Section § 1391(b) of Title 28 United States Code sets forth the rules that govern venue in federal courts.  In general, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

"A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interest of justice."  *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006).  Pursuant to § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The Defendants do not reside in Colorado and the Complaint is devoid of any allegations suggesting that the acts complained of occurred in the District of Colorado. As such, venue is not proper in the District of Colorado.  The Court declines to transfer

this action to an appropriate venue, however, because Mr. Bussie fails to assert an arguable claim for relief.  Mr. Bussie brings claims for monetary relief against two Congressman.  "It is well established that federal, state, and regional legislators are entitled to absolute immunity from civil liability for their legislative activities."  *Bogan v. Scott-Harris*, 523 U.S. 44, 46 (1998); *see also Eastland v. U.S. Servicemen's Fund,* 421 U.S. 491 (1975); *Gravel v. United States,* 408 U.S. 606 (1972).

"There is no obligation to keep meritless claims alive through transfer to another court."  *See Johnson v. Lappin*, No. 11-1381, 478 F. App'x 487, 492 (10th Cir. April 16, 2012) (unpublished) (dismissing habeas claims raised in *Bivens*[1] action as frivolous, instead of transferring claims to appropriate federal venue); *see also Haugh v. Booker*, 210 F.3d 1147, 1150-51 (10th Cir. 2000) (authorizing federal court to "take a peek at the merits" to "avoid wasting judicial resources that would result from transferring a case which is clearly doomed.") (internal citation and quotations omitted).  Accordingly, this action will be dismissed for improper venue.

Furthermore, it has come to the Court's attention that Mr. Bussie, on three or more prior occasions, while incarcerated, has brought an action in federal court that was dismissed on the grounds that it was frivolous, malicious, or that it failed to state a claim.  See *Bussie v. Andrews, et al.*, No. 13-cv-02244-LTB (D. Colo. Nov. 12, 2013) (dismissing action under § 1915(e)(2)(B); no appeal filed); *Bussie v. Andrews*, 5:13-CV-322-BO (E.D.N.C. Sept. 3, 2013) (dismissing action under § 1915(e)(2)(B); no appeal filed); *Bussie v. Dep't of Defense, et al.*, No. 13-cv-4574 (JG), 2013 WL 5348311

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

(E.D.N.Y. Sept. 23, 2013) (dismissing action under § 1915(e)(2)(B) and recognizing Plaintiff's abusive filing history; no appeal filed); *Bussie v. Attorney General, et al.*, No. 13-cv-476-wmc and 13-cv-477-wmc, 2013 WL 3934179 (W.D. Wis. July 30, 2013) (dismissing actions under § 1915A and noting Plaintiff's abusive filing history; no appeal filed); *Bussie v. Allissa Marquez, et al.*, No. 3:13-cv-01056 (AWT) (D. Conn. Aug. 6, 2013) (dismissing action under 28 U.S.C. § 1915A(b)(1); no appeal filed); *Bussie v. Fed. Dep. Ins. Corp., et al.*, 13-cv-23000-UU (S.D. Fla. Oct. 30, 2013) (dismissing action under § 1915(e)(2)(B); no appeal filed); *Bussie v. Dep't of Commerce*, No. 5:12-cv-00792-D (E.D.N.C. March 12, 2013) (dismissing action under § 1915A; appeal dismissed for failure to prosecute in No. 13-1640 (4th Cir. Aug. 13, 2013)).

Each of the dismissals set forth above qualifies as a strike under § 1915(g). *See Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172; 1176 (10th Cir. 2011). At least one federal district court has recognized that Mr. Bussie is subject to § 1915(g) filing restrictions. *See Bussie v. Robert C. Andrews, et al.*, No. 4:14-cv-00062-RWS (E.D.Mo. Jan. 17, 2014) (dismissing action for failure to pay filing fee because Mr. Bussie failed to comply with § 1915(g) filing restrictions). Mr. Bussie therefore may not proceed in the future in this Court pursuant to 28 U.S.C. § 1915 unless he demonstrates that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Accordingly, it is

ORDERED that this action is DISMISSED WITHOUT PREJUDICE for improper venue. It is

FURTHER ORDERED that Mr. Bussie may not proceed in the future in this Court pursuant to 28 U.S.C. § 1915 unless he demonstrates that he is in imminent danger of

serious physical injury.  See 28 U.S.C. § 1915(g).  It is

FURTHER ORDERED that all pending motions are DENIED as moot.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Dated March 4, 2014 at Denver, Colorado.

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court