IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00161-LTB

ANTHONY BUSSIE,

    Plaintiff,

v.

JOHN BOEHNER, House Speaker, and
ROBERT ANDREWS, Congressman,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

    Plaintiff, Anthony Bussie, filed *pro se* a Letter with the Court on April 17, 2014 (ECF No. 8) asking the Court to "reopen this case." The Court must construe the document liberally because Mr. Bussie is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be construed liberally as a motion for reconsideration.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should

be considered pursuant to Rule 60(b).  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).  Because the motion was filed more than 28 days after Judgment was entered in this action on March 4, 2014, it will be construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 60(b).

Rule 60(b) provides that "on motion and just terms," a court may relieve a party from a final order because of "mistake, inadvertence, surprise, or excusable neglect . . . [or] any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6).  The Court is mindful that relief under Rule 60(b) "is extraordinary and may be granted only in exceptional circumstances."  *See Dronsejko v. Thornton*, 632 F.3d 658, 664 (10th Cir. 2011) (internal quotation marks and citation omitted).

The Court has considered Mr. Bussie's one-page motion, which is largely unintelligible, along with the entire file, and finds that he has failed to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  Accordingly, it is

ORDERED that Plaintiff Anthony Bussie's request that the Court reopen this case, filed *pro se* on April 17, 2014 (ECF No. 8), which the Court has treated as a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b), is DENIED.

DATED at Denver, Colorado, this  23rd  day of    April           , 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court